

Jonathan D. Goins
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia, 30308
Jonathan.Goins@lewisbrisbois.com

June 9, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

    Re:    *Viacom International Inc. v. Zeus Networks, LLC*
               Civil Action No.: 1:25-cv-00973-AS

Dear Judge Subramanian:

    We write on behalf of Defendant, Zeus Networks, LLC ("Defendant" or "Zeus") in the above-captioned proceeding. Defendant respectfully submits this letter-motion requesting to stay discovery pending resolution of two dispositive motions now before the Court, and seeking clarification on the procedure for disclosure of rebuttal experts. Should the Court require a more formal motion, we will be pleased to provide one upon request.

    On March 31, 2025, Defendant initially requested a stay of discovery within its motion to dismiss pursuant to Rule 26(c). [See Dkt. No. 36, pp. 18-19]. Defendant seeks to dismiss this case largely because Plaintiff Viacom International Inc. ("Plaintiff") improperly attempts to expand intellectual property protections to television titles, formats, generic entertainment concepts and the sharing of a single actor (i.e., Nick Cannon) while failing to overcome critical *Twombly* standard pleading deficiencies. Courts routinely dismiss infringement claims at the early pleadings stage based on general concepts, aesthetics, and industry norms or general conclusory allegations of confusion. *See, e.g., Gayle v. Allee*, 2021 WL 120063, at *4 (S.D.N.Y. Jan. 13, 2021) (trademark claim dismissed as conclusory statements of similarity and confusion were insufficient); *OffWhite Productions, LLC v. Off-White, LLC*, 480 F. Supp. 3d 558, 565 (S.D.N.Y. 2020) (trademark claim dismissed as complaint failed to allege a single instance of consumer confusion). Defendant's motion to dismiss has been fully briefed and is ripe for this Court's ruling. [Dkt. 35, 36, 40, 50, 53].

    Additionally, on April 25, 2025, Defendant also filed a separate motion to transfer this action to the U.S. District Court for the Central District of California, which likewise has been fully briefed and is ripe for a ruling before this Court. [See Dkt. No. 46-49, 51 and 54]. This motion

The Honorable Arun Subramanian
June 9, 2025

to transfer was based largely on the fact that at least nine (9) factual witnesses all reside in California. [Dkt. 47-2; 47-3].

**Request to Stay Discovery**

Given the pending motions before this Court, and because of the compressed discovery schedule, Zeus believes a stay is appropriate. Both pending motions, if granted, would either dispose of the case in its entirety or result in transfer to a more appropriate forum, rendering any discovery conducted in this Court unnecessary and burdensome. Specifically, given the breadth of discovery required—involving more than fifteen (15) factual witnesses and substantial document discovery due to the number of cast members, production staff, scripts, footage, etc.—proceeding with discovery at this stage would impose significant costs and burdens on the parties. [Dkt. 47-2, 47-3]. Thus, to conserve judicial resources, we respectfully request that discovery be stayed pending resolution of Defendant's motion to dismiss and motion to transfer. *Levy v. BASF Metals Ltd.*, 755 F. App'x 29, 31 (2d Cir. 2019) (district court did not abuse its discretion by staying discovery while a motion to dismiss was pending as the stay was issued to protect the parties from undue burden and expense). *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery"); *see also Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, at *4 (E.D.N.Y. Dec. 3, 2014) (stay of discovery was warranted because defendant's motion to dismiss was potentially dispositive, and "'appear[ed] to be not unfounded in the law,' discovery on most issues …may prove 'unnecessarily costly and burdensome,' and plaintiff's suggestion of unfair prejudice from a stay did 'not countervail these considerations.'").

**Alternative 60-Day Extension**

The current deadline to complete discovery is August 22, 2025. [See Dkt. No. 45]. In the event the Court denies this renewed motion, Defendant respectfully requests a 60-day extension of all deadlines to ensure the parties can complete discovery effectively. Although Plaintiff has not formally consented to Defendant's request, Plaintiff confirmed via email that it does not oppose our request to extend the discovery schedule. Plaintiff's refusal to consent is based on its view that no good cause exists for the extension.

**Rebuttal Expert Disclosures (30 Days)**

Moreover, to avoid any misunderstanding or potential prejudice, Defendant respectfully seeks clarification regarding paragraph 5(c) of the Court's Scheduling Order. The Scheduling Order provides that "every-proponent of a claim (including any counterclaim, crossclaim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 13, 2025. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 13, 2025" and no rebuttal witness disclosures are permitted without leave of Court. [Dkt. 45, ¶5(c)]. As Defendant does not bear the burden of proof on any of Plaintiff's claims and has not asserted any counterclaims, Defendant understands this provision to refer to Plaintiff's affirmative expert disclosures. Accordingly, Defendant seeks

The Honorable Arun Subramanian
June 9, 2025

clarification that, consistent with Rule 26, it will be permitted 30 days from the date of Plaintiff's expert disclosures to submit any rebuttal expert disclosures.[1]

      The parties participated in a Lead Trial Counsel conference regarding the above issues on June 6, 2025 at 3:00 p.m. EST. The discussions lasted approximately 30 minutes. Lead counsel for both parties participated in the conference. Specifically, Jonathan Goins, lead counsel for Defendant, along with Brian Pete and Gabriella Stroude of Lewis Brisbois Bisgaard & Smith, LLP were present. Phil Kelly, lead counsel for Plaintiff, along with Amelia Bruckner and Matthew Bernstein of Kendall Brill & Kelly LLP were also present. During this meeting, Defendant informed Plaintiff that it believed the parties were at an impasse and would be submitting a letter-motion requesting (1) a stay of all discovery pending the Court's resolution of the outstanding motions, or in the alternative, an extension of the current discovery deadlines by at least 60 days; and (2) confirmation that rebuttal experts may be disclosed within 30 days of affirmative expert disclosures

      We thank the Court for its attention to this matter. Please do not hesitate to contact the undersigned should the Court require anything further.

I

*[signature: Jonathan D. Goins]*

Jonathan Goins of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:

All counsel of record (via ECF)

---

[1] Fed. R. Civ. P. 26 (a)(2)(D)(ii):

(D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(ii) **if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party** under Rule 26(a)(2)(B) or (C), **within 30 days** after the other party's disclosure.