**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIACOM INTERNATIONAL INC.

Plaintiff,

v.

ZEUS NETWORKS, LLC; and DOES 10 TO 1, INCLUSIVE,

Defendants.

Case No. 1:25-cv-00973-AS

**PROTECTIVE ORDER**

ARUN SUBRAMANIAN, U.S.D.J.:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or "Highly Confidential – Attorney's Eyes Only" Discovery Material to anyone else except as expressly permitted hereunder

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Highly Confidential – Attorney's Eyes Only" only such portion of such material that, in addition to satisfying the standards for "Confidential" material in Paragraph 2, is of such a private, sensitive, competitive, or proprietary nature that present disclosure to persons other than those identified in Paragraph 7 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing party.

4. With respect to the Confidential or "Highly Confidential – Attorney's Eyes Only" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorney's Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or "Highly Confidential – Attorney's Eyes Only" information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "[Confidential or "Highly Confidential – Attorney's Eyes Only" ] Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some

portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or "Highly Confidential – Attorney's Eyes Only" , he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or "Highly Confidential – Attorney's Eyes Only" under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential – Attorney's Eyes Only" to any other person whomsoever, except to:

a. the persons identified in Paragraph 6(b), (c), (e), (f), and (g) above;

b. any deposition witness, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

c. one (1) corporate representative of each Party, provided such person has first

executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and a copy of the signed Non-Disclosure Agreement has been provided to the producing Party.

8. All Confidential or “Highly Confidential – Attorney’s Eyes Only” Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or “Highly Confidential – Attorney’s Eyes Only” Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court’s Electronic Case Filing system, that redacts only the Confidential or “Highly Confidential – Attorney’s Eyes Only” Discovery Material itself, and not text that in no material way reveals the Confidential or “Highly Confidential – Attorney’s Eyes Only” Discovery Material.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure , may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court’s Individual Practices in Civil Cases.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or “Highly Confidential – Attorney’s Eyes Only” . The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential or “Highly Confidential – Attorney’s Eyes Only” Document or information contained in any Confidential or “Highly Confidential – Attorney’s Eyes Only” Document submitted to the Court in connection with any motion, application, or proceeding

that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential or "Highly Confidential – Attorney's Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected

nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or ""Highly Confidential – Attorney's Eyes Only" ," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

By: /s/ Philip Kelly

KENDALL BRILL & KELLY LLP

Philip M. Kelly (*pro hac vice*)
Matthew Bernstein (*pro hac vice*)
Emma Tehrani (*pro hac vice*)
Amelia Bruckner (*pro hac vice*)
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
(310) 556-2700

BAUGHMAN KROUP BOSSE PLLC

George W. Kroup
Daniel A. Schwartz
One Liberty Plaza, Floor 46
New York, New York 10006
(646) 205-2942

*Attorneys for Plaintiff Viacom International Inc.*

By: /s/ Jonathan Goins

LEWIS BRISBOIS BISGAARD & SMITH LLP

Jonathan D. Goins (*pro hac vice)*
600 Peachtree St. NE, Suite 4700
Atlanta, Georgia 30308
(404) 991-2160

Brian Pete
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

*Attorneys for Defendant Zeus Networks, LLC*

ARUN SUBRAMANIAN, U.S.D.J.

Dated: New York, New York

August 4, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIACOM INTERNATIONAL INC.<br>Plaintiff,<br>v.<br>ZEUS NETWORKS, LLC; and DOES 10 TO 1, INCLUSIVE,<br>Defendants. | Case No. 1:25-cv-00973-AS<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ______________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or "Highly Confidential – Attorney's Eyes Only" . I agree that I will not disclose such Confidential or "Highly Confidential – Attorney's Eyes Only" Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ___________________          ______________________________